**F&F** FARUQI & FARUQI LLP       NEW YORK     CALIFORNIA     DELAWARE     FLORIDA     PENNSYLVANIA
ATTORNEYS AT LAW

October 8, 2013

**VIA FEDERAL EXPRESS**

The Honorable Cathy Seibel
United States District Court Judge
United States District Court
for the Southern District of New York
300 Quarropas Street, Courtroom 218
White Plains, New York 10601-4150

       **Re:**   *O'Neal et al. v. FREM Group, L.P. et. al., No. 11 CV 2633 (CS)(PED)*

Dear Judge Siebel:

    We are counsel for plaintiffs in the above-referenced matter.

    We write in response to the Court's order of October 1, 2013 offering the parties the opportunity to supplement the record in connection with plaintiffs' counsel's request for Court approval of the negotiated award of attorney's fees.

    Successful counsel is awarded attorneys' fees in wage and hour cases under the Fair Labor Standards Act, 29 U.S.C. §216(b) and under the New York Labor Law, §663(1). Here, plaintiffs' counsel has negotiated a fee with the defendants of $100,000 which is eminently reasonable under the circumstances.

    A Second Circuit case on fee applications, *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182 (2d Cir. 2007), affirmed the use of the factors delineated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). The twelve factors in the oft-cited *Johnson* case are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal services properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limit imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

    An analysis of these factors supports plaintiffs' counsel's fee application.



**FARUQI & FARUQI** LLP
ATTORNEYS AT LAW

The Honorable Cathy Seibel
October 8, 2013
Page 2

### 1.      The Time And Labor Required

Plaintiffs' counsel expended 779 hours for a presumptively reasonable fee of $336,176.00[1]  Plaintiffs' counsel is only requesting $84,889.62, or 25%, of this amount, after expenses of $15,110.38[2] are deducted.

Plaintiffs' counsel litigated this case efficiently.  There was only one law firm involved, so there was no possibility of duplicative work among different firms.  The majority of the work on the case, 56%, was performed by associates and paralegals.  Their work included the time consuming, laborious, and sometimes confusing off-the-clock damages estimates and analysis of thousands of pages of day-to-day time records.

During the litigation, plaintiffs filed a complaint and an amended complaint, obtained conditional certification of an FLSA class, conducted and responded to discovery involving thousands of pages of documents, over one hundred interrogatories, and six depositions, and engaged in extremely protracted settlement negotiations which included two full day mediation sessions, two settlement conferences before Magistrate Judge Davison, and extensive direct communications among counsel.

Thus, the amount plaintiffs' counsel is seeking and the efficiency with which the litigation was conducted militates in favor of the fee request.

### 2.      The Novelty And Difficulty Of The Questions

The fact that most of the damages were accrued as off-the-clock work presented a factual challenge.  Plaintiffs' counsel spent a great deal of time and obtaining and evaluating testimony from the clients and sorting out the sometimes byzantine schedules and practices at the defendants' three clubs in order to come up with a reasonable estimate of off-the-clock damages.

### 3.      The Level Of Skill Required To Perform The Legal Service Properly

Cases of this nature, and indeed, complex litigation generally, requires a high level of skill to perform.  *See Allapattah Servs. v. Exxon Corp.*, 454 F.Supp. 2d 1185, 1208 (S.D. Fla. 2006) (level of skill factor includes preparation, efficiency, advocacy and knowledge of substantive law).  However, plaintiffs' counsel is very experienced in complex litigation and

---

[1]  Should the Court deem them useful, Plaintiffs' Counsel will be pleased to provide detailed time records for the Court's review.  A summary is attached as Exhibit A.

[2]  See Exhibit B.



**FARUQI & FARUQI**
LLP
ATTORNEYS AT LAW

The Honorable Cathy Seibel
October 8, 2013
Page 3

wage hour cases (*see* Faruqi & Faruqi, LLP firm resume attached as Exhibit C, and that skill and experience is adequately reflected in the firm's hourly rates.

Additionally, the defendants were represented by Seyfarth Shaw, LLP, one of the nation's top employment law firms. *See In re Global Crossing Sec. & ERISA Litigation*, 225 F.R.D. 436, 467 (S.D.N.Y. 2004) (quality of opposing counsel is important in evaluating plaintiffs' counsel's work). The quality of the opposition thus militates in favor of the fee request.

**4.      The Preclusion Of Employment By The Attorney Due To Acceptance Of The Case**

Obviously any time a lawyer takes a case on which he or she spends any time, the lawyer is somewhat precluded from taking on other matters. However, plaintiffs' counsel's practice is entirely contingent, so it is impossible to say that plaintiffs' counsel declined certain payment in another case by taking this one.

**5.      The Attorneys' Customary Hourly Rate**

The hours and hourly rates for the lawyers and paralegals working on the case are listed in Exhibit A. The highest rate charged by plaintiffs' counsel is that of Adam Gonnelli, a partner at the firm, at $625 per hour. Mr. Gonnelli performed 44% of the work and was the only partner to work on the case. The associates who worked on the case were billed at rates from $250 to $450. These rates are commensurate with what other lawyers of similar experience charge. *See Vilkhu v. City of New York*, No. 06-CV-2095, No. 06-CV-2095, 2009 U.S. Dist. LEXIS 73696, at *16 (E.D.N.Y. June 26, 2009) (employment law firm based in New York charges $450 to $900 for partners and $215 to $450 for associates); *Rozell v. Ross-Holst*, 576 F.Supp.2d 527, 546 (S.D.N.Y. 2008) ($600 for senior partner and $350 for associates in New York). In addition, an analysis of rates by TyMetrics Legal Analytics, a firm which analyzes economic metrics in the legal industry, showed that in 2012 the average billing rate for partners in New York City was $753.00.

Accordingly, plaintiffs' counsel's rates are reasonable.

**6.      Whether The Fee Is Fixed Or Contingent**

The fee in this case is entirely contingent. Although plaintiffs' counsel at all times believed in the strength of the case, recovery is never a certainty. *See Global Crossing*, 225 F.R.D. at 467 (contingent nature of litigation is key factor in determining reasonable attorneys' fees). The fact that the fee is contingent strongly supports the fee request.



The Honorable Cathy Seibel
October 8, 2013
Page 4

### 7.      The Time Limitations Imposed By The Client Or The Circumstances

There were no particular time limits involved in this case that are not present in most complex litigation.

### 8.      The Amount Involved In The Case And The Results Obtained

The Second Circuit and the U.S. Supreme Court have stressed the "degree of success" factor in determining a reasonable fee. *Kassim v. City of Schenectady*, 415 F.3d 246, 253 (2d Cir. 2005) (quoting *Hensley v. Eckkerhart*, 461 U.S. 424, 436 (1983)). The settlement of $52,500 for the individual plaintiffs represents, by their estimates, all of their damages.

Accordingly, the results obtained strongly support the fee award.

### 9.      The Experience, Reputation And Ability Of The Attorneys

Plaintiffs' counsel enjoys a good reputation in the bar, and is experienced and skilled in complex litigation and wage hour cases. *See* firm resume attached as Exhibit C. However, these factors are adequately reflected in the firm's hourly rates.

### 10.      The Undesirability Of The Case

Plaintiffs' counsel is used to incurring the ire of corporate America and the defense bar, so this case was not any more or less undesirable from that perspective. *C.f. Smith v. Voorhees College*, No 05-1911, 2008 U.S. Dist. LEXIS 50003, at *13-14 (D.S.C. June 27, 2008) ("Many attorneys consider employment cases to be undesirable due to the fact that they require special expertise and have many risks.").

However, disappointingly, no one chose to opt in to the case as a result of the dissemination of the FLSA notice. In addition, plaintiffs' counsel, even if the Court awards the full fee request, will only earn 25% of the presumptively reasonable fee. With the benefit of hindsight and taking into account the risk of contingency litigation, this case would not be considered especially desirable. Thus, this factor militates in favor of the fee request.

### 11.      The Nature And Length Of The Professional Relationship With The Clients

Plaintiffs' counsel had previously represented only one of the nine plaintiffs in a different litigation, so this factor lends some support to the fee request.



FARUQI & FARUQI LLP
ATTORNEYS AT LAW

The Honorable Cathy Seibel
October 8, 2013
Page 5

### 12.     Awards In Similar Cases

Similar to the fee shifting jurisprudence involving civil rights statutes, there is not necessarily a relationship between the size of the recovery and the fee. That is, it is possible that attorneys could spend thousands of hours and millions of dollars in fees on a $50,000 recovery if it enforces the civil rights or employment statutes. *See, e.g., Kassim,* 415 F.3d at 252 (citing cases and stating in due process case, "There is, however, no rule requiring proportionality between the amount of fees requested and the damages recovered."). Accordingly, and as noted in the citations in plaintiffs' letter of October 1, 2013, the fact that the requested fee award exceeds the recovery is a neutral factor.

**Plaintiffs' Expenses**

Expenses are also available under the FLSA, 29 U.S.C. §216(b), and the New York Labor Law, §198. *See also LeBlanc-Sternberg v. Fletcher,* 143 F.3d 748, 763 (2d Cir. 1998) (abuse of discretion not to award reasonable out of pocket expenses).

Plaintiffs' counsel is seeking reimbursement of $15,110.38. Most of this expense was for the costs of the mediations, and is reasonable. *See* Exhibit B. This sum is included in the request for $100,000.

We thank the Court for providing the opportunity to supplement the record and stand ready to provide any additional information the Court may require.

Respectfully submitted,

Adam Gonnelli

AG:ms
Encl.

cc:     Peter A. Walker, Esq. (via email)
        Lori M. Meyers, Esq. (via email)

# EXHIBIT A

**O'NEAL v. FREM GROUP**
**TIME SUMMARY**

| ATTORNEY | HOURS | RATE | TOTAL |
|---|---|---|---|
| Adam Gonnelli (P) | 342.25 | $650.00 | $220,283.75 |
| Christopher Marlborough (A) | 57.5 | $415.00 | $23,745.75 |
| Christopher Hayes (A) | 13 | $450.00 | $5,850.00 |
| Dennis Dollar (C) | 7.5 | $504.00 | $3,780.00 |
| Gerald Wells (A) | 1.25 | $550.00 | $687.50 |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
| **PARALEGALS** |  |  |  |
| Derek Behnke | 13 | $275.00 | $3,575.00 |
| Teresa Maloney | 8 | $255.00 | $2,022.50 |
| Daniela Mercado | 112.75 | $250.00 | $28,187.50 |
| Bryan Rodriguez | 113.75 | $210.00 | $23,574.00 |
| Miriam Sampson | 30.75 | $250.00 | $7,447.50 |
| Danielle Serpica | 66.75 | $210.00 | $14,017.50 |
| Lilia Volynkova | 10.5 | $225.00 | $2,305.00 |
| India Sneed | 2 | $350.00 | $700.00 |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
| **TOTAL** | 779 |  | $336,176.00 |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
| (P) Partner |  |  |  |
| (A) Associate |  |  |  |
| (C) Contract Employee |  |  |  |

# EXHIBIT B

## O'NEAL v. FREM GROUP
## EXPENSE SUMMARY

| DATE | DESCRIPTION | AMOUNT |
|------|-------------|--------|
| 3/14 - 11/12/2011 | Travel + Meals | $469.50 |
| 4/14/2011 | Filing Fees | $350.00 |
| 5/3 - 7/25/2013 | FedEx and Mailing | $493.06 |
| 11/30 - 5/24/2012 | Mediation Costs | $13,305.00 |
| 2/28-6/30/2013 | Legal/Factual Research | $185.56 |
| 3/14/2013 | Transcript | $64.26 |
| Nov.2011/April 2013 | Conference Calls Cost | $243.00 |
| | | **$15,110.38** |

# EXHIBIT C



Faruqi & Faruqi, LLP focuses on complex civil litigation, including securities, antitrust, wage and hour, and consumer class actions as well as shareholder derivative and merger and transactional litigation. The firm is headquartered in New York, and maintains offices in California, Delaware and Pennsylvania.

Since its founding in 1995, Faruqi & Faruqi, LLP has served as lead or co-lead counsel in numerous high-profile cases which ultimately provided significant recoveries to investors, consumers and employees.

# PRACTICE AREAS

## SECURITIES FRAUD LITIGATION

Since its inception over eighteen years ago, Faruqi & Faruqi, LLP has devoted a substantial portion of its practice to class action securities fraud litigation. In *In re PurchasePro.com*, *Inc. Securities Litigation*, No. CV-S-01-0483-JLQ (D. Nev.), as co-lead counsel for the class, Faruqi & Faruqi, LLP secured a $24.2 million settlement in a securities fraud litigation even though the corporate defendant was in bankruptcy. As noted by Senior Judge Justin L. Quackenbush in approving the settlement, *"I feel that counsel for plaintiffs evidenced that they were and are skilled in the field of securities litigation."*

Other past achievements include: *In re Olsten Corp. Sec. Litig.*, No. 97-CV-5056 (E.D.N.Y.) (recovered $25 million dollars for class members), *In re Tellium, Inc. Sec. Litig.*, No. 02-CV-5878 (FLW) (D.N.J.) (recovered $5.5 million dollars for class members); *In re Mitcham Indus., Inc. Sec. Litig.*, No. H-98-1244 (S.D. Tex.) (recovered $3 million dollars for class members despite the fact that corporate defendant was on the verge of declaring bankruptcy), and *Ruskin v. TIG Holdings, Inc.*, No. 98 Civ. 1068 LLS (S.D.N.Y.) (recovered $3 million dollars for class members).

Recently, in *Shapiro v. Matrixx Initiatives, Inc.*, No. CV-09-1479-PHX-ROS (D. Ariz.), Faruqi & Faruqi, LLP, as co-lead counsel for the class, defeated defendants' motion to dismiss, succeeded in having the action certified as a class action, and secured preliminary approval of a $4.5 million dollar settlement for the class. In *In re Ebix, Inc. Securities Litigation*, No. 1:11-cv-02400-RWS (N.D. Ga.), the court denied defendants' motion to dismiss and Faruqi & Faruqi, LLP, as sole lead counsel, is currently conducting discovery on behalf of class members.

Additionally, Faruqi & Faruqi, LLP is serving as court-appointed lead counsel in the following cases:

- *In re Longwei Petroleum Inv. Holding Ltd. Sec. Litig.*, No. 13 Civ. 214 (HB) (S.D.N.Y.) (sole lead counsel);
- *McGee v. Am. Oriental Bioengineering, Inc.*, No. 2:12-cv-05476-FMO-SHx (C.D. Cal.) (sole lead counsel);



- *Lauria v. BioSante Pharm., Inc.*, No. 12 C 0772 (N.D. Ill.) (sole lead counsel);
- *McIntyre v. Chelsea Therapeutics Int'l, LTD*, No. 3:12-CV-213-MOC-DCK (sole lead counsel);
- *In re China Organic Sec. Litig.*, No. 1:11-cv-08623-JMF (S.D.N.Y.) (sole lead counsel);
- *In re GLG Life Tech Corp. Sec. Litig.*, No. 1:11-cv-09150-KBF (S.D.N.Y.) (sole lead counsel).

## SHAREHOLDER MERGER AND TRANSACTIONAL LITIGATION

Faruqi & Faruqi, LLP places special emphasis on prosecuting shareholder class actions brought nationwide against officers, directors and other parties responsible for corporate wrongdoing. Most of these cases are based upon state statutory or common law principles involving fiduciary duties owed to investors by corporate insiders as well as Exchange Act violations.

Faruqi & Faruqi, LLP has obtained significant monetary and therapeutic recoveries, including millions of dollars in increased merger consideration for public shareholders; additional disclosure of significant material information so that shareholders can intelligently gauge the fairness of the terms of proposed transactions and other types of therapeutic relief designed to increase competitive bids and protect shareholder value.  As noted by Judge Timothy S. Black of the United States District Court for the Southern District of Ohio in appointing lead counsel *Nichting v. DPL Inc.*, Case No. 3:11-cv-14 (S.D. Ohio), "[a]lthough all of the firms seeking appointment as Lead Counsel have impressive resumes, the Court is most impressed with Faruqi & Faruqi."

As lead counsel in *Knee v. Brocade Comm'ns Sys., Inc.*, No. 1-12-CV-220249, slip op. at 2 (Cal. Super. Ct. Santa Clara Cnty. Apr. 10, 2012) (Kleinberg, J.), Faruqi & Faruqi, LLP, enjoined the 2012 shareholder vote because information relating to projected executive compensation was not properly disclosed in the proxy statement.  Similarly, as sole class counsel for plaintiffs in *Kajaria v. Cohen*, No. 1:10-CV-03141 (N.D. Ga., Atlanta Div.), Faruqi & Faruqi, LLP, succeeded in having the district court order Bluelinx Holdings Inc., the target company in a tender offer, to issue additional material disclosures to its recommendation statement to shareholders before the expiration of the tender offer.

Furthermore, in *In re Playboy Enterprises, Inc. Shareholders Litigation*, Consol. C.A. No. 5632-VCN (Del. Ch.) Faruqi & Faruqi recently achieved a substantial post close settlement of $5.25 million.  In *In re Cogent, Inc. Shareholders Litigation*, Consol. C.A. No. 5780-VC (Del. Ch.) Faruqi & Faruqi, LLP, as co-lead counsel, obtained a post-close cash settlement of $1.9 million after two years of hotly contested litigation; *In re Bausch & Lomb Inc. Buyout Litig.*, Index No. 07/6384 (N.Y. Supr. Ct., Monroe Cty. 2008) Faruqi & Faruqi, LLP, as co-lead counsel, caused Bausch & Lomb Inc. to disclose to shareholders critical material information concerning its merger with Warburg Pincus LLC and in *Rice v. Lafarge* North America, Inc., et al., No. 268974-V (Montgomery Cty., Md. Circuit Ct.), Faruqi & Faruqi, LLP, as co-lead counsel represented the public shareholders of Lafarge North America ("LNA") in challenging the buyout of LNA by its French parent, Lafarge S.A., at $75.00 per share.  After discovery and intensive injunction



motions practice, the price per share was increased from $75.00 to $85.50 per share, or a total benefit to the public shareholders of $388 million.  The Lafarge court gave Class counsel, including Faruqi & Faruqi, LLP, shared credit with a special committee appointed by the company's board of directors for a significant portion of the price increase.

Also, in *In re: Hearst-Argyle Shareholder Litig.,* Lead Case No. 09-Civ-600926 (N.Y. Sup. Ct.) as co-lead counsel for plaintiffs, Faruqi & Faruqi, LLP litigated, in coordination with Hearst-Argyle's special committee, an increase of over 12.5%, or $8,740,648, from the initial transaction value offered for Hearst-Argyle Television Inc.'s stock by its parent company, Hearst Corporation.  Faruqi & Faruqi, LLP, in *In re Alfa Corp. Shareholder Litig.,* Case No. 03-CV-2007-900485.00 (Montgomery Cty, Ala. Cir. Ct.) was instrumental, along with the Company's special committee, in securing an increased share price for Alfa Corporation shareholders of $22.00 from the originally-proposed $17.60 per share offer, which represented over a $160 million benefit to class members, and obtained additional proxy disclosures to ensure that Alfa shareholders were fully-informed before making their decision to vote in favor of the merger, or seek appraisal.

Moreover, in *In re Fox Entertainment Group, Inc. S'holders Litig.,* Consolidated C.A. No. 1033-N (Del. Ch. 2005), Faruqi & Faruqi, LLP, a member of the three (3) firm executive committee, and in coordination with Fox Entertainment Group's special committee, created an increased offer price from the original proposal to shareholders, which represented an increased benefit to Fox Entertainment Group, Inc. shareholders of $450 million.  Also, in *In re Howmet Int'l S'holder Litig.,* Consolidated C.A. No. 17575 (Del. Ch. 1999) Faruqi & Faruqi, LLP, in coordination with Howmet's special committee, successfully obtained an increased benefit to class members of $61.5 million dollars).

Further, in *Brickell Partners v. Emerging Commns., Inc.,* Civil No. 16415 (Del. Ch. 1998) Faruqi & Faruqi, LLP, in its monitoring role as Class counsel achieved a post-trial settlement on behalf of the Class of $5,596,037.40.  After being consolidated with an appraisal hearing, the action was litigated vigorously for over four years, including a six week trial, where Faruqi & Faruqi, LLP in a secondary, monitoring role, represented the Class' interests with primary trial counsel - counsel for the hedge fund Greenlight Capital L.P.  After trial the Court returned a verdict in favor of plaintiff.  The case established new law and new standards for determining the fiduciary duties of corporate directors, especially directors that have specialized backgrounds (such as, accountants, lawyers, financial experts, etc.).  The decision is now reported as *In re Emerging Commns., Inc. S'holders Litig.,* No. 16415, 2004 Del. Ch. LEXIS 70 (Del. Ch., May 3, 2004).

Faruqi & Faruqi, LLP, is committed to bringing novel post-close cases seeking damages as a result of an unfair buyout.  Faruqi & Faruqi, LLP has handled a number of high profile cases such as *In re Smurfit-Stone Container Corp. S'holder Litig.,* Consol. C.A. No. 6164-VCP (Del. Ch. March 24, 2011); *In*



*re Cogent S'holder Litig.,* C.A. No. 5780-VCP (Del. Ch. 2010); *In re Massey Energy Co. Derivative and Class Action Litig.*, C.A. No, 5430-CS (Del. Ch. 2010); *In re Novell, Inc. S'holder Litig.*, Consol. C.A. No. 6032-VCN (Del. Ch. 2010); *In re Playboy Enterprises, Inc. S'holders Litig.*, Consol. C.A. No. 5632-VCN (Del. Ch. 2010); *In re MFW S'holder Litig.*, Consol. C.A. No. 6566-CS (Del. Ch. 2011); *In re BJ's Wholesale Club, Inc. S'holders Litig.*, Consol. C.A. No. 6623-VCN (Del. Ch. 2011); *In re Morton's Restaurant Group, Inc. S'holder Litig.*, Consol. C.A. No. 7122-CS (Del. Ch. 2011).

## SHAREHOLDER DERIVATIVE LITIGATION

Faruqi & Faruqi, LLP has extensive experience litigating shareholder derivative actions on behalf of corporate entities.  This litigation is often necessary when the corporation has been injured by the wrongdoing of its officers and directors.  This wrongdoing can be either active, such as the wrongdoing by certain corporate officers in connection with purposeful backdating of stock-options, or passive, such as the failure to put in place proper internal controls, which leads to the violation of laws and accounting procedures.  A shareholder has the right to commence a derivative action when the company's directors are unwilling or unable, to pursue claims against the wrongdoers, which is often the case when the directors themselves are the wrongdoers.

The purpose of the derivative action is threefold: (1) to make the company whole by holding those responsible for the wrongdoing accountable; (2) the establishment of procedures at the company to ensure the damaging acts can never again occur at the company; and (3) make the company more responsive to its shareholders.  Improved corporate governance and shareholder responsiveness are particularly valuable because they make the company a stronger one going forward, which benefits its shareholders.  For example, studies have shown the companies with poor corporate governance scores have 5-year returns that are 3 .95% below the industry average, while companies with good corporate governance scores have 5-year returns that are 7.91 % above the industry-adjusted average.  The difference in performance between these two groups is 11 .86%.  *Corporate Governance Study: The Correlation between Corporate Governance and Company Performance*, Lawrence D. Brown, Ph.D., Distinguished Professor of Accountancy, Georgia State University and Marcus L. Caylor, Ph.D. Student, Georgia State University.  Faruqi & Faruqi, LLP has achieved all three of the above stated goals of a derivative action.  The firm regularly obtains significant corporate governance changes in connection with the successful resolution of derivative actions, in addition to monetary recoveries that inure directly to the benefit of the company.  In each case, the company's shareholders indirectly benefit through an improved market price and market perception.



In *In re UnitedHealth Group Incorporated Derivative Litig.*, Case No. 27 CV 06-8065 (Minn. 4th Judicial Dist. 2009) Faruqi & Faruqi, LLP, as co-lead counsel for plaintiffs, obtained a recovery of more than $930 million for the benefit of the Company and corporate governance reforms designed to make UnitedHealth a model of corporate responsibility and transparency. ***At the time, the settlement reached was believed to be the largest settlement ever in a derivative case***. See "UnitedHealth's Former Chief to Repay $600 Million," Bloomberg.com, December 6, 2007 ("the settlement . . . would be the largest ever in a 'derivative' suit . . . according to data compiled by Bloomberg.").

As co-lead counsel in *Weissman v. John, et al.*, Cause No. 2007-31254 (Tex. Harris County 2008) Faruqi & Faruqi, LLP, diligently litigated a shareholder derivative action on behalf of Key Energy Services, Inc. for more than three years and caused the company to adopt a multitude of corporate governance reforms which far exceeded listing and regulatory requirements.  Such reforms included, among other things, the appointment of a new senior management team, the realignment of personnel, the institution of training sessions on internal control processes and activities, and the addition of 14 new accountants at the company with experience in public accounting, financial reporting, tax accounting, and SOX compliance.

More recently, Faruqi & Faruqi, LLP concluded shareholder derivative litigation in *The Booth Family Trust, et al. v. Jeffries, et al.*, Lead Case No. 05-cv-00860 (S.D. Ohio 2005) on behalf of Abercrombie & Fitch Co.  Faruqi & Faruqi, LLP, as co-lead counsel for plaintiffs, litigated the case for six years through an appeal in the U.S. Court of Appeals for the Sixth Circuit where it successfully obtained reversal of the district court's ruling dismissing the shareholder derivative action in April 2011.  Once remanded to the district court, Faruqi & Faruqi, LLP caused the company to adopt important corporate governance reforms narrowly targeted to remedy the alleged insider trading and discriminatory employment practices that gave rise to the shareholder derivative action.

The favorable outcome obtained by Faruqi & Faruqi, LLP in *In re Forest Laboratories, Inc. Derivative Litigation*, Lead Civil Action No. 05-cv-3489 (S.D.N.Y. 2005) is another notable achievement for the firm.  After more than six years of litigation, Faruqi & Faruqi, LLP, as co-lead counsel, caused the company to adopt industry-leading corporate governance measures that included rigorous monitoring mechanisms and Board-level oversight procedures to ensure the timely and complete publication of clinical drug trial results to the investing public and to deter, among other things, the unlawful off-label promotion of drugs.

## ANTITRUST LITIGATION

The attorneys at Faruqi & Faruqi, LLP represent direct purchasers, competitors, third-party payors, and consumers in a variety of individual and class action antitrust cases brought under Sections 1



and 2 of the Sherman Act. These actions, which typically seek treble damages under Section 4 of the Clayton Act, have been commenced by businesses and consumers injured by anticompetitive agreements to fix prices or allocate markets, conduct that excludes or delays competition, and other monopolistic or conspiratorial conduct that harms competition.

*Actions for excluded competitors*. Faruqi & Faruqi represents competitors harmed by anticompetitive practices that reduce their sales, profits, and/or market share. One representative action is *Babyage.com, Inc., et al. v. Toys "R" Us, Inc., et al.* where Faruqi & Faruqi was retained to represent three internet retailers of baby products, who challenged a dominant retailer's anticompetitive scheme, in concert with their upstream suppliers, to impose and enforce resale price maintenance in violation of §§ 1 and 2 of the Sherman Act and state law. The action sought damages measured as lost sales and profits. This case was followed extensively by the Wall Street Journal. After several years of litigation, this action settled for an undisclosed amount.

*Actions for direct purchasers*. Faruqi & Faruqi represents direct purchasers who have paid overcharges as a result of anticompetitive practices that raise prices. These actions are typically initiated as class actions. A representative action on behalf of direct purchasers is *Rochester Drug Co-Operative, Inc. v. Warner Chilcott Public Limited Company, et al.*, No. 12-3824 (E.D. Pa.), in which Faruqi & Faruqi was appointed co-lead counsel for the proposed plaintiff class under Federal Rule of Civil Procedure 23(g). Faruqi & Faruqi's attorneys are counsel to direct purchasers (typically wholesalers) in multiple such class actions.

*Actions for third-party payors*. Faruqi & Faruqi represents, both in class actions and in individual actions, insurance companies who have reimbursed their policyholders at too high a rate due to anticompetitive prices that raise prices. One representative action is *In re Tricor Antitrust Litigation*, No. 05-360 (D. Del.), where Faruqi & Faruqi represented PacifiCare and other large third-party payors challenging the conduct of Abbott Laboratories and Laboratories Fournier in suppressing generic drug competition, in violation of §§ 1 and 2 of the Sherman Act. The *Tricor* litigation settled for undisclosed amount in 2010.

*Results*. Faruqi & Faruqi's attorneys have consistently obtained favorable results in their antitrust engagements. Non-confidential results include the following: *In re Iowa Ready-Mixed Concrete Antitrust Litigation*, No. C 10-4038 (N.D. Iowa) ($18.5 million settlement); *In re Metoprolol Succinate Direct Purchaser Antitrust Litigation*, 06-52 (D. Del.) ($20 million settlement); *In re Ready-Mixed Concrete Antitrust Litigation*, No. 05-979 (S.D. Ind.) ($40 million settlement); *Rochester Drug Co-Operative, Inc., et al. v. Braintree Labs, Inc.*, No. 07-142-SLR (D. Del.) ($17.25 million settlement).

A more complete list of Faruqi & Faruqi's active and resolved antitrust cases can be found on its web site at *www.faruqilaw.com*.



## CONSUMER PROTECTION LITIGATION

Attorneys at Faruqi & Faruqi, LLP have advocated for consumers' rights, successfully challenging some of the nation's largest and most powerful corporations for a variety of improper, unfair and deceptive business practices. Through our efforts, we have recovered hundreds of millions of dollars and other significant remedial benefits for our consumer clients.

For example, in *Thomas v. Global Vision Products*, Case No. RG-03091195 (California Superior Ct., Alameda Cty.), Faruqi & Faruqi, LLP served as co-lead counsel in a consumer class action lawsuit against Global Vision Products, Inc., the manufacturer of the Avacor hair restoration product and its officers, directors and spokespersons, in connection with the false and misleading advertising claims regarding the Avacor product. Though the company had declared bankruptcy in 2007, Faruqi & Faruqi, LLP, along with its co-counsel, successfully prosecuted two trials to obtain relief for the class of Avacor purchasers. In January 2008, a jury in the first trial returned a verdict of almost $37 million against two of the creators of the product. In November 2009, another jury awarded plaintiff and the class more than $50 million in a separate trial against two other company directors and officers. This jury award represented the largest consumer class action jury award in California in 2009 (according to VerdictSearch, a legal trade publication).

Below is a non-exhaustive list of settlements where Faruqi & Faruqi, LLP and its partners have served as lead or co-lead counsel:

- *Rossi v Procter & Gamble Company.*, Case No. 11-7238 (D.N.J. 2011). The firm represented a nationwide class of consumers who purchased deceptively marketed "Crest Sensitivity" toothpaste. A settlement was obtained, providing class members with a full refund of the purchase price.
- *In re: Michaels Stores Pin Pad Litig.*, Case No. 1:11-CV-03350 CPK (N.D. Ill. 2011). The firm represented a nationwide class of persons against Michaels Stores, Inc. for failing to secure and safeguard customers' personal financial data. A settlement was obtained, which provided class members with monetary recovery for unreimbursed out-of-pocket losses incurred in connection with the data breach, as well as up to four years of credit monitoring services.
- *Kelly, v. Phiten*, Case No. 4:11-cv-00067 JEG (S.D. Iowa 2011). The firm represented a proposed nationwide class of consumers who purchased Defendant Phiten USA's jewelry and other products, which were falsely promoted to balance a user's energy flow. A settlement was obtained, providing class members with up to 300% of the cost of the product and substantial injunctive relief requiring Phiten to modify its advertising claims.
- *In re: HP Power-Plug Litigation,* Case No. 06-1221 (N.D. Cal. 2006). The firm represented a proposed nationwide class of consumers who purchased defective laptops manufactured by defendant. A settlement was obtained, which provided full relief to class members, including among other benefits a cash payments up to $650.00 per class member, or in the alternative, a repair free-of-charge and new limited warranties accompanying repaired laptops.
- *Delre v. Hewlett-Packard Co.*, C.A. No. 3232-02 (N.J. Super. Ct. 2002). The firm represented a proposed nationwide class of consumers (approximately 170,000 members) who purchased, HP dvd-100i dvd-writers ("HP 100i") based on misrepresentations regarding the write-once ("DVD+R") capabilities of the HP 100i and the compatibility of DVD+RW disks written by HP 100i with DVD



players and other optical storage devices. A settlement was obtained, which provided full relief to class members, including among other benefits, the replacement of defective HP 100i with its more current, second generation DVD writer, the HP 200i, and/or refunds the $99 it had charged some consumers to upgrade from the HP 100i to the HP 200i prior to the settlement.

In addition, Faruqi & Faruqi, LLP and its partners are currently serving as lead or co-lead counsel in the following class action cases:

- *Dei Rossi et al. v. Whirlpool Corp.,* Case No. 2:12-cv-00125-TLN-JFM (E.D. Cal. 2012) (representing a proposed class of people who purchased mislabeled KitchenAid brand refrigerators from Whirlpool Corp.)
- *In re: Scotts EZ Seed Litigation*, Case No. 7:12-cv-04727-VB (S.D.N.Y. 2012) (representing a proposed class of purchasers of mulch grass seed products advertised as a superior grass seed product capable of growing grass in the toughest conditions and with half the water.)
- *In re Sinus Buster Products Consumer Litig.,* Case No. 1:12-cv-02429-ADS-AKT (E.D.N.Y. 2012) (representing a proposed nationwide class of purchasers of assorted cold, flu and sinus products.)
- *Forcellati et al., v Hyland's, Inc. et al.,* Case No. 2:12-cv-01983-GHK-MRW (C.D. Cal. 2012) (representing a proposed nationwide class of purchasers of children's cold and flu products.)
- *Avram v. Samsung Electronics America, Inc., et al.,* Case No. 2:11-cv-06973 KM-MCA (D.N.J. 2011) (representing a proposed nationwide class of persons who purchased mislabeled refrigerators from Samsung Electronics America, Inc. for misrepresenting the energy efficiency of certain refrigerators.)
- *Astiana et al., v. Kashi Co.,* Case No. 3:11-CV-1967-H (BGS) (S.D. Cal. 2011) (representing a certified class of California consumers who purchased Kashi products that were deceptively labeled as "nothing artificial" and "all natural.")
- *Dzielak v. Whirlpool Corp., et al.,* Case No. 12-CIV-0089 SRC-MAS (D.N.J. 2011) (representing a proposed nationwide class of purchasers of mislabeled Maytag brand washing machines for misrepresenting the energy efficiency of such washing machines.)
- *In re: Alexia Foods, Inc. Litigation,* Case No. 4:11-cv-06119-PJH (N.D. Cal. 2011) (representing a proposed class of all persons who purchased certain frozen potato products that were deceptively advertised as "natural" or "all natural.")
- *In re: Haier Freezer Consumer Litig.,* Case No. 5:11-CV-02911-EJD (N.D. Cal. 2011) (representing a proposed nationwide class of consumers who purchased mislabeled freezers from Haier America Trading, LLC.)
- *Loreto et al., v. Coast Cutlery Co.,* Case No. 2:11-cv-03977-MCA (D.N.J. 2011) (representing a proposed nationwide class of consumers who purchased stainless steel knives and multi-tools that were of a lesser quality than advertised.)
- *Rodriguez v. CitiMortgage, Inc.,* Case No. 1:11-cv-04718-PGG-DCF (S.D.N.Y. 2011) (representing a proposed nationwide class of military personnel against CitiMortgage for illegal foreclosures.)
- *In re: Shop-Vac Marketing and Sales Practices Litigation,* Case No. 4:12-md-02380-YK (M.D. Pa. 2012) (representing a proposed nationwide class of persons who purchased vacuums or shop vac's with overstated horsepower and tank capacity specifications.)
- *In re: Oreck Corporation Halo Vacuum And Air Purifiers Marketing And Sales Practices Litigation*, MDL No. 2317 (the firm was appointed to the executive committee, representing a proposed nationwide class of consumers who purchased vacuums and air purifiers that were deceptively advertised effective in eliminating common viruses, germs and allergens.)

# EMPLOYMENT PRACTICES GROUP

Faruqi & Faruqi, LLP is a recognized leader in protecting the rights of employees. The firm's Employment Practices Group is committed to protecting the rights of current and former employees

8



nationwide.  The firm is dedicated to representing employees who may not have been compensated properly by their employer or who have suffered investment losses in their employer-sponsored retirement plan.  The firm also represents individuals (often current or former employees) who assert that a company has allegedly defrauded the federal or state government.

Faruqi & Faruqi represents current and former employees nationwide whose employers have failed to comply with state and/or federal laws governing minimum wage, hours worked, overtime, meal and rest breaks, and unreimbursed business expenses.  In particular, the firm focuses on claims against companies for (i) failing to properly classify their employees for purposes of paying them proper overtime pay, or (ii) requiring employees to work "off-the-clock," and not paying them for all of their actual hours worked.

In prosecuting claims on behalf of aggrieved employees, Faruqi & Faruqi has successfully defeated summary judgment motions, won numerous collective certification motions, and obtained significant monetary recoveries for current and former employees.  In the course of litigating these claims, the firm has been a pioneer in developing the growing area of wage and hour law.  In *Creely, et al. v. HCR ManorCare, Inc.*, C.A. No. 3:09-cv-02879 (N.D. OH), Faruqi & Faruqi, along with its co-counsel, obtained one of the first decisions to reject the application of the Supreme Court's Fed. R. Civ. P. 23 certification analysis in *Wal-Mart Stores, Inc. v. Dukes et. al.*, 131 S. Ct. 2541 (2011) to the certification process of collective actions brought pursuant to the Fair Labor Standards Act of 1938 ("FLSA").  The firm, along with its co-counsel, also recently won a groundbreaking decision for employees seeking to prosecute wage and hour claims on a collective basis in *Symczyk v. Genesis Healthcare Corp. et al.*, No. 10-3178 (3d Cir. 2011).  In *Symczyk*, the Third Circuit reversed the district court's ruling that an offer of judgment mooted a named plaintiff's claim in an action asserting wage and hour violations of the FLSA. Notably, the Third Circuit also affirmed the two-step process used for granting certification in FLSA cases.  The *Creely* decision, like the Third Circuit's *Genesis* decision, will invariably be relied upon by courts and plaintiffs in future wage and hour actions.

Some of the firm's notable recoveries include *Bazzini v. Club Fit Management, Inc.,* C.A. No. 08-cv-4530 (S.D.N.Y. 2008), wherein the firm settled a FLSA collective action lawsuit on behalf of tennis professionals, fitness instructors and other health club employees on very favorable terms.  Similarly, in *Garcia, et al., v. Lowe's Home Center, Inc., et al.*, C.A. No. GIC 841120 (Cal. Sup. Ct. 2008), Faruqi & Faruqi served as co-lead counsel and recovered $1.6 million on behalf of delivery workers who were unlawfully treated as independent contractors and not paid appropriate overtime wages or benefits.

The firm's Employment Practices Group also represents participants and beneficiaries of employee benefit plans covered by the Employee Retirement Income Security Act of 1874 ("ERISA").  In particular the firm protects the interests of employees in retirement savings plans against the wrongful

9



conduct of plan fiduciaries.  Often, these retirement savings plans constitute a significant portion of an employee's retirement savings.  ERISA, which codifies one of the highest duties known to law, requires an employer to act in the best interests of the plan's participants, including the selection and maintenance of retirement investment vehicles.  For example, an employer who administers a retirement savings plan (often a 401(k) plan) has a fiduciary obligation to ensure that the retirement plan's assets (including employee and any company matching contributions to the plan) are directed into appropriate and prudent investment vehicles.

Faruqi & Faruqi has brought actions on behalf of aggrieved plan participants where a company and/or certain of its officers breached their fiduciary duty by allowing its retirement plans to invest in shares of its own stock despite having access to materially negative information concerning the company which materially impacted the value of the stock.  The resulting losses can be devastating to employees' retirement accounts.  Under certain circumstances, current and former employees can seek to hold their employers accountable for plan losses caused by the employer's breach of their ERISA-mandated duties.

The firm's Employment Practices Group also represents whistleblowers in actions under both federal and state False Claims Acts.  Often, current and former employees of business entities that contract with, or are otherwise bound by obligations to, the federal and state governments become aware of wrongdoing that causes the government to overpay for a good or service.  When a corporation perpetrates such fraud, a whistleblower may sue the wrongdoer in the government's name to recover up to three times actual damages and additional civil penalties for each false statement made. Whistleblowers who initiate such suits are entitled to a portion of the recovery attained by the government, generally ranging from 15% to 30% of the total recovery.

False Claims Act cases often arise in context of Medicare and Medicaid fraud, pharmaceutical fraud, defense contractor fraud, federal government contractor fraud, and fraudulent loans and grants. For instance, in *United States of America, ex rel. Ronald J. Streck v. Allergan, Inc. et al.*, No. 2:08-cv-05135-ER (E.D. Pa.), Faruqi & Faruqi represents a whistleblower in an un-sealed case alleging fraud against thirteen pharmaceutical companies who underpaid rebates they were obliged to pay to state Medicaid programs on drugs sold through those programs.

Based on its experience and expertise, the firm has served as the principal attorneys representing current and former employees in numerous cases across the country alleging wage and hour violations, ERISA violations and violations of federal and state False Claims Acts.



# ATTORNEYS

## NADEEM FARUQI

Mr. Faruqi is Co-Founder and Managing Partner of the firm.  Mr. Faruqi oversees all aspects of the firm's practice areas.  Mr. Faruqi has acted as sole lead or co-lead counsel in many notable class or derivative action cases, such as: *In re Olsten Corp. Secs. Litig.*, C.A. No. 97-CV-5056 (E.D.N.Y.) (recovered $25 million dollars for class members); *In re PurchasePro, Inc., Secs. Litig.*, Master File No. CV-S-01-0483 (D. Nev. 2001) ($24.2 million dollars recovery on behalf of the class in securities fraud action); *In re Avatex Corp. S'holders Litig.*, C.A. No. 16334-NC (Del. Ch. 1999) (established certain new standards for preferred shareholders rights); *Dennis v. Pronet, Inc.*, C.A. No. 96-06509 (Tex. Dist. Ct.) (recovered over $15 million dollars on behalf of shareholders); *In re Tellium, Inc. Secs. Litig.*, C.A. No. 02-CV-5878 (D.N.J.) (class action settlement of $5.5 million); *In re Tenet Healthcare Corp. Derivative Litig.*, Lead Case No. 01098905 (Cal. Sup. Ct. 2002) (achieved a $51.5 million benefit to the corporation in derivative litigation).

Upon graduation from law school, Mr. Faruqi was associated with a large corporate legal department in New York.  In 1988, he became associated with Kaufman Malchman Kirby & Squire, specializing in shareholder litigation, and in 1992, became a member of that firm.  While at Kaufman Malchman Kirby & Squire, Mr. Faruqi served as one of the trial counsel for plaintiff in *Gerber v. Computer Assocs. Int'l, Inc.*, 91-CV-3610 (E.D.N.Y. 1991).  Mr. Faruqi actively participated in cases such as: *Colaprico v. Sun Microsystems*, No. C-90-20710 (N.D. Cal. 1993) (recovery in excess of $5 million on behalf of the shareholder class); *In re Jackpot Secs. Enters., Inc. Secs. Litig.*, CV-S-89-805 (D. Nev. 1993) (recovery in excess of $3 million on behalf of the shareholder class); *In re Int'l Tech. Corp. Secs. Litig.*, CV 88-440 (C.D. Cal. 1993) (recovery in excess of $13 million on behalf of the shareholder class); and *In re Triangle Inds., Inc. S'holders Litig.*, C.A. No. 10466 (Del. Ch. 1990) (recovery in excess of $70 million).

Mr. Faruqi earned his Bachelor of Science Degree from McGill University, Canada (B.Sc. 1981), his Master of Business Administration from the Schulich School of Business, York University, Canada (MBA 1984) and his law degree from New York Law School (J.D., *cum* laude, 1987).  Mr. Faruqi was Executive Editor of New York Law School's Journal of International and Comparative Law.  He is the author of "Letters of Credit: Doubts As To Their Continued Usefulness," Journal of International and Comparative Law, 1988.  He was awarded the Professor Ernst C. Stiefel Award for Excellence in Comparative, Common and Civil Law by New York Law School in 1987.

11



## LUBNA M. FARUQI

Ms. Faruqi is Co-Founder of Faruqi & Faruqi, LLP.  Ms. Faruqi is involved in all aspects of the firm's practice.  Ms. Faruqi has actively participated in numerous cases in federal and state courts which have resulted in significant recoveries for shareholders.

Ms. Faruqi was involved in litigating the successful recovery of $25 million to class members in *In re Olsten Corp. Secs. Litig.*, C.A. No. 97-CV-5056 (E.D.N.Y.).  She helped to establish certain new standards for preferred shareholders in Delaware in *In re Avatex Corp. S'holders Litig.*, C.A. No. 16334-NC (Del. Ch. 1999).  Ms. Faruqi was also lead attorney in *In re Mitcham Indus., Inc. Secs. Litig.*, Master File No. H-98-1244 (S.D. Tex. 1998), where she successfully recovered $3 million on behalf of class members despite the fact that the corporate defendant was on the verge of declaring bankruptcy.

Upon graduation from law school, Ms. Faruqi worked with the Department of Consumer and Corporate Affairs, Bureau of Anti-Trust, the Federal Government of Canada.  In 1987, Ms. Faruqi became associated with Kaufman Malchman Kirby & Squire, specializing in shareholder litigation, where she actively participated in cases such as: *In re Triangle Inds., Inc. S'holders Litig.*, C.A. No. 10466 (Del. Ch. 1990) (recovery in excess of $70 million); *Kantor v. Zondervan Corp.*, C.A. No. 88 C5425 (W.D. Mich. 1989) (recovery of $3.75 million on behalf of shareholders); and *In re A.L. Williams Corp. S'holders Litig.*, C.A. No. 10881 (Del. Ch. 1990) (recovery in excess of $11 million on behalf of shareholders).

Ms. Faruqi graduated from McGill University Law School at the age of twenty-one with two law degrees: Bachelor of Civil Law (B.C.L.) (1980) and a Bachelor of Common Law (L.L.B.) (1981).

## MICHAEL J. HYNES

Mr. Hynes is Managing Partner in Faruqi & Faruqi, LLP's Pennsylvania office and Co-Chair of the firm's Shareholder Derivative Litigation Department.

Prior to joining Faruqi & Faruqi, Mr. Hynes practiced law at Barroway Topaz Kessler Meltzer & Check, LLP, where he concentrated on shareholder derivative litigation.  Mr. Hynes has served as lead or co-lead counsel in numerous high profile derivative actions relating to the "backdating" of stock options, including *In re Monster Worldwide, Inc. Derivative Litig.*, Index No. 06-108700 (New York County, NY); *In re Barnes & Noble, Inc. Derivative Litig.*, Index No. 06-602389 (New York County, NY); *In re Affiliated Computer Services, Inc. Derivative Litig.*, Cause No. 06-3403 (Dallas County, TX); and *In re Progress Software Corp. Derivative Litig.*, Civil A. No. 07-1937-BLS2 (Suffolk County, MA).  Settlements of these, and similar actions, resulted in significant monetary and corporate governance improvements for those companies and their public shareholders.  He is currently litigating cases involving breaches of fiduciary



duties arising out of the use of improper accounting methods, the payment of excessive compensation to executive officers, violations of the Foreign Corrupt Practices Act, and violations of the False Claims Act.

Prior to joining Barroway Topaz, Mr. Hynes practiced law at Cozen O'Connor, where he concentrated on bankruptcy and commercial litigation.  He was also an attorney with the Defenders' Association of Philadelphia from 1991 to 1996, where he defended thousands of misdemeanor and felony cases and obtained jury trial experience.

Mr. Hynes received his law degree from Temple University School of Law (J.D. 1991), and is a graduate of Franklin and Marshall College (1987).  Mr. Hynes is licensed to practice law in Pennsylvania, New Jersey and Montana, and has been admitted to practice in the United States Court of Appeals for the Ninth Circuit and the United States District Courts for the Eastern and Middle Districts of Pennsylvania.

## DAVID E. BOWER

David E. Bower is Managing Partner of Faruqi & Faruqi, LLP's California office.  Mr. Bower has extensive experience in securities class actions, real estate and corporate litigation, and complex commercial litigation matters.  Mr. Bower has been in the private practice of law since 1981.  Prior to forming his own law firm, Law Offices of David E. Bower, in 1996, Mr. Bower practiced for two years with the law firm Hornberger & Criswell where he supervised and coordinated complex business litigation. From 1989 to 1994, he was a partner with the law firm Rivers & Bower where he handled business, construction, real estate, insurance, and personal injury litigation and business and real estate transactions.  From 1984 to 1989, he practiced in the insurance bad faith defense and complex litigation department of the Los Angeles, California based law firm of Gilbert, Kelley, Crowley & Jennett.  From 1981 to 1984, he practiced law in New York as a partner with the law firm Boysen, Scheffer & Bower.

Mr. Bower is a graduate of the Mediation Training Program at UCLA and has a certification in Advanced Mediation Techniques.  He has presided in over 200 mediations since becoming certified and is currently on the Los Angeles Superior Court Pay Panel of mediators and arbitrators.  He is the past Chairman of the Board of Directors of Mental Health Advocacy Services, a non-profit legal services firm in Los Angeles.  He is now the President of the Board of A New Way of Life Reentry Project, a non-profit serving ex-convicts seeking reentry into society as productive citizens.

He graduated from State University of New York (at Buffalo) (B.A. 1977) and received his law degree from the Southwestern University School of Law (J.D. 1981).   Mr. Bower is admitted to the bar in California and New York.



## PETER B. ANDREWS

Peter B. Andrews is Managing Partner of Faruqi & Faruqi, LLP's Delaware office.  Mr. Andrews joined Faruqi & Faruqi in January of 2013 and has concentrated his legal career representing plaintiffs in securities fraud class actions, shareholder mergers and acquisitions class actions, shareholder derivative actions and corporate governance matters.

Before joining Faruqi & Faruqi LLP, Mr. Andrews practiced with the law firm Grant & Eisenhofer in Delaware, where he actively engaged in litigation before the Delaware Court of Chancery, as well as federal and state courts throughout the country. Highlights of his past representation include: identifying legal flaws in LLC agreement resulting in $20M settlement with oil & gas holding company surrounding merger of LLC back into parent company (*Altas Energy Resources, LLC Unitholder Litigation*, Del. Ch.); representing investors against the directors and officers of a failed telecom company for breaches of fiduciary duty  securing a $7M settlement (*Rahl v. Flag Telecom, Inc.*, S.D.N.Y.); representing public pension funds in opt-out securities litigation against the officers and directors of Enron (*OPERS v. Enron Corp.*, S.D. Tex.); representing former employees of a failed health system in order to secure promised interests in pension benefits (*Burstein v. Allegheny Health System*, E.D. Pa.); and representing a class of former customers against a major cable television provider (*Baldasarri v. Suburban Cable TV Co.* (*Comcast Corporation*)).

Mr. Andrews began his career with a major Philadelphia defense firm where he represented securities brokers and broker-dealers in various disputes, including customer complaint litigation.  While practicing in Philadelphia, he also represented clients in regulatory proceedings before the NYSE, NASD, and SEC, and advised clients as to best practices under federal and state insurance and securities laws.

Mr. Andrews is a graduate (1992) of Colby College in Waterville, Maine, and a graduate (1998) of the Dickinson School of Law of the Pennsylvania State University.  Upon graduation from law school, Mr. Andrews clerked for the Honorable Alan M. Black of the Court of Common Pleas of Lehigh County, Pennsylvania.

Mr. Andrews is admitted to practice in Delaware and Pennsylvania and numerous federal courts, including the Third Circuit Court of Appeals.

## JUAN E. MONTEVERDE

Mr. Monteverde is a partner in Faruqi & Faruqi, LLP's New York office and Chair of the firm's Shareholder Merger and Transactional Litigation Department.  Mr. Monteverde has concentrated his legal career advocating shareholder rights and has appeared before the Delaware Chancery Court on numerous occasions on behalf of shareholders in mergers and acquisitions class actions.

NEW YORK          CALIFORNIA          DELAWARE          PENNSYLVANIA



Before joining Faruqi & Faruqi, LLP, Mr. Monteverde gained extensive experience litigating over 50 mergers and acquisitions class actions from inception to conclusion.  In particular, Mr. Monteverde acted as lead counsel or co-lead counsel for shareholders in *In re Bear Stearns Litigation*, Index No. 600780/08 (N.Y. Sup. Ct. 2008) (challenging acquisition of Bear Stearns for $2.00 per share by JP Morgan, price increased to $10.00 per share); *Sullivan v. Gorog, et al.*, Case Number BC398258 (Cal. Super. Ct. 2008) (prosecution of preliminary injunction seeking to enjoin tender offer by Best Buy Co. Inc. of Napster, Inc., resulting in post-tender offer settlement for the enlargement of appraisal rights of Napster shareholders); *In re Metavante Shareholder Litigation*, Consolidated Case No. 09-cv-5325 (Wis. Cir. Ct. 2009) (obtained significant supplemental disclosures to shareholders to enable an informed vote regarding the acquisition of Metavante by Fidelity); *In re Candela Corporation Shareholders Litigation*, Lead Civil Action No. 09-4092-BLS1 (Mass. Sup. Ct. 2009) (obtaining settlement of additional disclosures pertaining to the acquisition of Candela Corporation by Syneron Medical Ltd. and reformation of merger agreement to reduce termination fee by approximately 20%); and *Ubaney v. Rubinstein, et al.*, Civil Action No. 5459-VCL (Del. Ch. Ct. 2010) (obtaining supplemental disclosures in connection with the acquisition of Palm, Inc., including complete disclosure of Palm Inc.'s financial projections and free cash flows for 2010 through 2015).

At Faruqi & Faruqi, LLP, Mr. Monteverde continues to protect shareholder rights.  He has acted as lead counsel or co-lead counsel in *Knee v. Brocade Comm'ns Sys., Inc.*, No. 1-12-CV-220249, slip op. at 2 (Cal. Super. Ct. Santa Clara Cnty. Apr. 10, 2012) (Kleinberg, J.) (enjoining the 2012 shareholder vote because certain information relating to projected executive compensation (as related to an equity plan share increase that had a potential dilutive effect on shareholders) was not properly disclosed in the proxy statement); *In re Cogent, Inc. Shareholders Litigation, Consol.* C.A. No. 5780-VC (Del. Ch.)(obtaining post-close cash settlement of $1.9 million after two years of hotly contested litigation); in *In Re Valeant Pharmaceuticals International Shareholders Litigation*, Consolidated Case No. 5644-VCS (Del. Ch. Ct. 2010) (negotiating significant supplemental disclosures regarding the acquisition of Valeant by Biovail); and *McGowan v. ICX Technologies, Inc., et al.*, C.A. No. 1:10CV1013 (Eastern Dist. Of VA 2010)(achieving a class action settlement for additional disclosures pertaining to the tender offer of ICX Technologies, Inc. and extending the appraisal rights period for ICX Technologies shareholders by 20 days).

Mr. Monteverde has taught a New York CLE course regarding the financial and legal fundamentals underlying the valuation of mergers and acquisitions of publicly traded companies, Valuations Issues in Mergers and Acquisitions, October 20, 2010.  Mr. Monteverde has also been a panel speaker in the session for "Don't Get Caught in the Past" at the 2011 Corporate Counsel CLE Seminar in Naples, Florida, where he discussed the current corporate governance developments in the mergers and



acquisitions law practice and new trends in corporate governance law and practice at the start of the new decade.

Mr. Monteverde graduated from California State University of Northridge (B.S. Finance 2002) and St. Thomas University School of Law (J.D., *cum laude*, 2006).  While at St. Thomas University School of Law, Mr. Monteverde was a staff editor of law review and the president of the law school newspaper.  Mr. Monteverde is admitted to practice in the courts of New York, the United States District Court for the Southern District of New York and Eastern District of New York, Eastern District of Wisconsin, District of Colorado and Seventh Circuit for the United States Court of Appeals.

## ANTONIO VOZZOLO

Antonio Vozzolo is a partner in Faruqi & Faruqi, LLP's New York office and Chair of the firm's Consumer Fraud Litigation Department.  Mr. Vozzolo's practice focuses on representing individuals and institutional investors seeking redress for financial and consumer fraud

Mr. Vozzolo was one of the primary counsel responsible for prosecuting *In re PurchasePro, Inc., Secs. Litig.*, Master File No. CV-S-01-0483 (D. Nev. 2001), a case against the officers and directors of PurchasePro.com as well as AOL Time Warner, Inc., America On-Line, Inc., and Time Warner, Inc., for federal securities laws violations, culminating in a $24.2 million settlement.

Mr. Vozzolo's other notable cases are *Thomas v. Global Vision Products*, Case No. RG-03091195 (Cal. Super. Ct., Alameda Cty.) (representing certified class of California consumers for false and misleading advertising claims regarding Avacor hair restoration product; $37 million jury verdict for the first trial, $50 million jury verdict for separate trial against two of the remaining directors and officers); *In re: HP Power-Plug Litigation*, Case No. 06-1221 (N.D. Cal.) (representing a proposed nationwide class of persons who purchased defective laptops; cash payment up to $650.00, or in the alternative, a repair free-of-charge); *Delre v. Hewlett-Packard Co.*, C.A. No. 3232-02 (N.J. Super. Ct. 2002) (representing a proposed nationwide class of persons for false and misleading advertising claims regarding capabilities of model 100i DVD writers; recovery included replacement of the 100i writer with upgraded, second generation 200i DVD writer and a refund of the $99 defendant had previously charged consumers to upgrade from the 100i to the 200i).

Mr. Vozzolo graduated, *cum laude*, from Fairleigh Dickinson University in 1992 with a Bachelor of Science (B.Sc.), where he was on the Dean's List, and with a Masters in Business Administration (M.B.A.) in 1995.  He is a graduate of Brooklyn Law School (J.D. 1998).  Mr. Vozzolo served as an intern to the Honorable Ira Gammerman of the New York Supreme Court and the New York Stock Exchange while attending law school.

16



# PETER KOHN

Mr. Kohn is a partner in Faruqi & Faruqi, LLP's Pennsylvania office and Chair of the firm's Antitrust Litigation Department.  Prior to joining the firm, Mr. Kohn was a shareholder at Berger & Montague, P.C., where he prepared for trial several noteworthy lawsuits under the Sherman Act, including *In re Buspirone Patent & Antitrust Litigation*, MDL No. 1410 (S.D.N.Y.) ($220M settlement), *In re Cardizem CD Antitrust Litigation*, No. 99-MD-1278 (E.D. Mich.) ($110M settlement), *Meijer, Inc. v. Warner-Chilcott*, No. 05-2195 (D.D.C.) ($22M settlement), *In re Relafen Antitrust Litigation*, No. 01-12239 (D. Mass.) ($175M settlement), *In re Remeron Direct Purchaser Antitrust Litigation*, No. 03-cv-0085 (D.N.J.) ($75M settlement), *In re Terazosin Hydrochloride Antitrust Litigation*, No. 99-MDL-1317 (S.D. Fla.) ($72.5M settlement), and *In re Tricor Direct Purchaser Antitrust Litig.*, No. 05-340 (D. Del.) ($250M settlement).  The court appointed him as co-lead counsel for the plaintiffs in *In re Pennsylvania Title Ins. Antitrust Litig.*, No. 08cv1202 (E.D. Pa.) (pending action on behalf of direct purchasers of title insurance alleging illegal cartel pricing under § 1 of the Sherman Act).

A sampling of Mr. Kohn's reported cases in the antitrust arena includes *Delaware Valley Surgical Supply Inc. v. Johnson & Johnson*, 523 F.3d 1116 (9th Cir. 2008) (issue of direct purchaser standing under *Illinois Brick*); *Babyage.com, Inc. v. Toys "R" Us, Inc.*, 558 F. Supp.2d 575 (E.D. Pa. 2008) (denying defendants' motion to dismiss following the Supreme Court's decisions in *Twombly* and *Leegin*, and for the first time in the Third Circuit adopting the Merger Guidelines method of relevant market definition); *J.B.D.L. Corp. v. Wyeth-Ayerst Laboratories, Inc.*, 485 F.3d 880 (6th Cir. 2007) (affirming summary judgment in exclusionary contracting case); and *Babyage.com, Inc. v. Toys "R" Us, Inc.*, 458 F. Supp.2d 263 (E.D. Pa. 2006) (discoverability of surreptitiously recorded statements prior to deposition of declarant).

Mr. Kohn is a 1989 graduate of the University of Pennsylvania (B.A., English) and a 1992 *cum laude* graduate of Temple University Law School, where he was senior staff for the *Temple Law Review* and received awards for trial advocacy.  Mr. Kohn was recognized as a "recommended" antitrust attorney in the Northeast in 2009 by the Legal 500 guide (www.legal500.com) and was chosen by his peers as a "SuperLawyer" in Pennsylvania in 2009, 2010, and 2011.  In 2011, Mr. Kohn was selected as a Fellow in the Litigation Counsel of America, a trial lawyer honorary society composed of less than one-half of one percent of American lawyers.  He is a member of the bars of the Supreme Court of Pennsylvania (1992-present), the United States District Court for the Eastern District of Pennsylvania (1995-present), the United States District Court for the Eastern District of Michigan (2010-present), the United States Court of Appeals for the Third Circuit (2000-present), the United States Court of Appeals for the Sixth Circuit (2005-present), and the United States Court of Appeals for the Federal Circuit (2011-present).



## RICHARD W. GONNELLO

Richard W. Gonnello is a partner in the Firm's New York office and Chair of the firm's Securities Fraud Litigation Department.  Mr. Gonnello focuses his practice on shareholder litigation and class actions.

Prior to joining the firm, Mr. Gonnello was a partner at Entwistle & Cappucci LLP and an associate at Latham & Watkins LLP.  Mr. Gonnello has represented institutional and individual investors in obtaining substantial recoveries in numerous class actions, including *In re Royal Ahold Sec. Litig.*, No. 03-md-01539 (D. Md. 2003) ($1.1 billion) and *In re Tremont Securities Law, State Law and Insurance Litigation*, No. 08-cv-11117 (S.D.N.Y. 2011) ($100 million+).  Mr. Gonnello has also obtained favorable recoveries for institutional investors pursuing direct securities fraud claims, including cases against *Qwest Communications International, Inc.* ($175 million+) and *Tyco Int'l Ltd* ($21 million).

Mr. Gonnello has co-authored the following articles:  "*'Staehr' Hikes Burden of Proof to Place Investor on Inquiry Notice*, "New York Law Journal, December 15, 2008; and "*Potential Securities Fraud: 'Storm Warnings' Clarified*," New York Law Journal, October 23, 2008.

Mr. Gonnello graduated *summa cum laude* from Rutgers University in 1995, where he was named Phi Beta Kappa.  He received his law degree from UCLA School of Law (J.D. 1998), and was a member of the UCLA Journal of Environmental Law & Policy.

## BETH A. KELLER

Ms. Keller is a partner in Faruqi & Faruqi, LLP's New York office and Co-Chair of the firm's Shareholder Derivative Litigation Department.  Her practice focuses on shareholder derivative litigation and securities class actions in federal and state court.

Since joining Faruqi & Faruqi, Ms. Keller has been actively involved in numerous complex cases in which the firm, as sole or co-lead counsel, achieved substantial corporate governance enhancements and/or financial recoveries for the corporation and its shareholders, including *In re Tenet Healthcare Corp. Derivative Litig.*, Lead Case No. 01098905 (Cal. Sup. Ct. 2002); *In re Advanced Mktg. Srvs., Inc. Derivative Litig.*, No. CIC824845 (Cal. Super. Ct.); *In re Ligand Pharm. Inc. Deriative. Litig.*, Lead Case No. GIC834255 (Cal. Super. Ct.); and *In re Novastar Fin., Inc. Derivative Litig.*, Lead Case No. 04-CV-212685 (Cir. Ct. Mo. 2004).

Ms. Keller graduated from Hobart & William Smith Colleges in 1999 with a Bachelors of Arts in Political Science and English and from the State University of New York at Buffalo Law School in 2002. Ms. Keller participated in the Desmond Moot Court Competition while at law school.  She is a member of both the New York and New Jersey Bars and is admitted to practice in the United States District Courts



for the Southern, Eastern and Western Districts of New York.

## T. TALYANA BROMBERG

Ms. Bromberg joined Faruqi & Faruqi, LLP's Pennsylvania office in March of 2013 as a partner and Chair of the False Claims Litigation Department.

Prior to joining the Firm, Ms. Bromberg practiced law at Grant & Eisenhofer, P.A. where she represented whistleblowers in pharmaceutical, financial, health care, and government contractor cases, with settlements totaling over $4.5 billion. Among these settlements was a $1.6 billion settlement against Abbott Laboratories related to off-label promotion and payment of kickbacks for anti-seizure drug Depakote, and a $3 billion settlement against GlaxoSmithKline related to unlawful marketing tactics and kickbacks for GSK drugs. During her tenure at Grant & Eisenhofer, Ms. Bromberg, among others, also represented sophisticated institutional investors in complex international securities class actions, including *In re Parmalat Securities Litigation* and *In re Vivendi Universal S.A. Securities Litigation*.

Ms. Bromberg previously served as partner at a prominent law firm in Riga, Latvia, where she focused on commercial litigation. She also served as in-house counsel for a U.S.-Latvian joint venture in the exporting and manufacturing sector. Ms. Bromberg received her L.L.M. degree from the University of Pennsylvania Law School and her J.D. equivalent from the University of Latvia School of Law in Riga, Latvia in 1989. Ms. Bromberg is a member of the New York Bar and is admitted to practice in the United States District Courts for the Eastern and Southern Districts of New York.

## ADAM R. GONNELLI

Mr. Gonnelli is a partner in Faruqi & Faruqi, LLP's New York office and Chair of the firm's Employment Practices Group.

Since joining Faruqi & Faruqi, Mr. Gonnelli has concentrated his practice on wage and hour litigation, transaction litigation and consumer class actions. Representative cases include *Garcia v. Lowe's, Cos., Inc.*, No. 841120 (Cal. Super. Ct.) (case to recover overtime pay for delivery drivers); *In re NutraQuest, Inc.*, No. 06-202 (D.N.J.) (consumer fraud case against national diet supplement company); *Wanzo v. Nextel Commc'ns, Inc.*, No. GIC 791626 (Cal. Sup. Ct.) (consumer case challenging change in "nights and weekends" plan); *Rice v. Lafarge North America*, No. 268974 (Md. Cir. Ct.) (merger case resulted in a benefit of $388 million); and *In re Fox Entm't Group, Inc. S'holders Litig.*, No. 1033-N (Del. Ch. 2005) (benefit to shareholders of $450 million).

Mr. Gonnelli received a B.A. from Rutgers University (Newark) in 1989 and a J.D. from Cornell Law School in 1997. At Rutgers University, Mr. Gonnelli lettered in football and fencing and served as Student Government President. Prior to attending law school, Mr. Gonnelli was a Financial Writer at the



Federal Reserve Bank of New York, where he wrote educational materials on international trade and monetary policy. While attending Cornell Law School, Mr. Gonnelli served as Editor-in-Chief of the Cornell Journal of Law and Public Policy and was a member of the Atlantic Regional Championship moot court team in the Jessup International Law Moot Court Competition (1997).

## JOSEPH T. LUKENS

Mr. Lukens is a partner in Faruqi & Faruqi, LLP's Pennsylvania office.

Mr. Lukens was a shareholder at the Philadelphia firm of Hangley Aronchick Segal Pudlin & Schiller, where he represented large retail pharmacy chains as opt-out plaintiffs in numerous lawsuits under the Sherman Act. Among those lawsuits were *In re Brand Name Prescription Drugs Antitrust Litigation* (MDL 897, N.D. Ill.), *In re Terazosin Hydrochloride Antitrust Litigation* (MDL 1317, S.D. Fla.), *In re TriCor Direct Purchaser Antitrust Litigation* (05-605, D. Del.), *In re Nifedipine Antitrust Litigation* (MDL1515, D.D.C.), *In re OxyContin Antitrust Litigation* (04-3719, S.D.N.Y), and *In re Chocolate Confectionary Antitrust Litigation* (MDL 1935, M.D. Pa.). While the results in the opt-out cases are confidential, the parallel class actions in those matters which are concluded have resulted in settlements exceeding $1.1 billion.

Earlier in his career, Mr. Lukens concentrated in commercial and civil rights litigation at the Philadelphia firm of Schnader, Harrison, Segal & Lewis. The types of matters that Mr. Lukens handled included antitrust, First Amendment, contracts, and licensing. Mr. Lukens also worked extensively on several notable *pro bono* cases including *Commonwealth v. Morales*, which resulted in a rare reversal on a second post-conviction petition in a capital case in the Pennsylvania Supreme Court.

Mr. Lukens graduated from LaSalle University (B.A. Political Science, *cum laude*, 1987) and received his law degree from Temple University School of Law (J.D., *magna cum laude*, 1992) where he was an editor on the *Temple Law Review* and received several academic awards. After law school, Mr. Lukens clerked for the Honorable Joseph J. Longobardi, Chief Judge for the United States District Court for the District of Delaware (1992-93). Mr. Lukens is a member of the bars of the Supreme Court of Pennsylvania (1992-present), the United States Supreme Court (1996-present); the United States District Court for the Eastern District of Pennsylvania (1993-present), the United States Court of Appeals for the Third Circuit (1993-present), and the United States Court of Appeals for the District of New Jersey (1994-present).

Mr. Lukens has several publications, including: *Bringing Market Discipline to Pharmaceutical Product Reformulations*, 42 Int'l Rev. Intel. Prop. & Comp. Law 698 (September 2011) (co-author with Steve Shadowen and Keith Leffler); *Anticompetitive Product Changes in the Pharmaceutical Industry*, 41 Rutgers L.J. 1 (2009) (co-author with Steve Shadowen and Keith Leffler); *The Prison Litigation Reform*



*Act: Three Strikes and You're Out of Court — It May Be Effective, But Is It Constitutional?,* 70 Temp. L. Rev. 471 (1997); *Pennsylvania Strips The Inventory Search Exception From Its Rationale – Commonwealth v. Nace*, 64 Temp. L. Rev. 267 (1991).

## JAMES R. BANKO

James R. Banko is an associate in Faruqi & Faruqi's Pennsylvania office in the False Claims Litigation Department.  Mr. Banko has substantial practice in complex litigation, including securities and corporate fraud.

Prior to joining the Firm, Mr. Banko practiced law at Grant & Eisenhofer, P.A. where he was a Senior Associate focusing on securities and corporate fraud litigation.  Mr. Banko represented sophisticated institutional investors in a high-profile securities fraud class action, *In re Tyco International, Ltd. Securities Litig.*, which resulted in $3 billion class action settlement and in which Mr. Banko took and defended numerous depositions and wrote class certification, discovery, and summary judgment briefs. Mr. Banko was also involved in the recovery of a successful settlement against a former chief financial officer on behalf of a European fund which included discovery under the Hague Convention.  Mr. Banko also took a leading role in several other securities fraud class actions against pharmaceutical companies including briefing of Daubert motions.  Representative clients included various state attorney generals, pension funds, and securities funds.

Mr. Banko was previously an associate in the litigation department at Curtis, Mallet-Prevost, Colt & Mosle LLP, New York, NY where he practiced in all aspects of general civil litigation, including complex commercial, contract, corporate, product liability, and trade secret cases, including jury trials. Responsibilities included hearings, pleadings, pretrial discovery, motions for summary judgment, motions in limine, argument of substantive and procedural motions in federal and state courts, engaging in settlement negotiations and drafting of agreements.

Mr. Banko received his J.D. from the University of Pennsylvania Law School (1990) where he was a Senior Board Member of the Journal of International Business Law.  Mr. Banko is admitted, and in good standing, in NY, NJ, PA, DC, DE, FL, and CA as well as numerous United States district courts as well as the 1st, 2d, 3d and 9th Circuits and the U.S. Supreme Court.

## NEILL CLARK

Mr. Clark is an associate in Faruqi and Faruqi, LLP's Pennsylvania office and practices in the antitrust litigation department.  Before joining the firm, Mr. Clark was an associate at Berger & Montague, P.C. where he was significantly involved in prosecuting antitrust class actions on behalf of direct



purchasers of brand name drugs and charging pharmaceutical manufacturers with illegally blocking the market entry of less expensive competitors.

Eight of those cases have resulted in substantial settlements totaling over $950 million: *In re Cardizem CD Antitrust Litig.* settled in November 2002 for $110 million; *In re Buspirone Antitrust Litig.* settled in April 2003 for $220 million; *In re Relafen Antitrust Litig.* settled in   February 2004 for $175 million; *In re Platinol Antitrust Litig.* settled in November 2004 for $50 million; *In re Terazosin Antitrust Litig.* settled in April 2005 for $75 million; *In re Remeron Antitrust Litig.* settled in November 2005 for $75 million; *In re Ovcon Antitrust Litig.* settled in 2009 for $22 million; and *In re Tricor Direct Purchaser Antitrust Litig.* settled in April 2009 for $250 million.

Mr. Clark was also principally involved in a case alleging a conspiracy among hospitals and the Arizona Hospital and Healthcare Association to depress the compensation of per diem and traveling nurses, *Johnson et al. v. Arizona Hospital and Healthcare Association et al.*, No. CV07-1292 (D. Ariz.).

Mr. Clark was selected as a "Rising Star" by Pennsylvania Super Lawyers and listed as one of the Top Young Lawyers in Pennsylvania in the December 2005 edition of Philadelphia Magazine.  Two cases in which he has been significantly involved have been featured as "Noteworthy Cases" in the NATIONAL LAW JOURNAL articles, "The Plaintiffs' Hot List" (*In re Tricor Antitrust Litig.* October 5, 2009 and *Johnson v. Arizona Hosp. and Healthcare Ass'n.*, October 3, 2011).

Mr. Clark graduated cum laude from Appalachian State University in 1994 and from Temple University Beasley School of Law in 1998, where he earned seven "distinguished class performance" awards, an oral advocacy award and a "best paper" award.

## RICHARD SCHWARTZ

Richard Schwartz is an associate in Faruqi & Faruqi, LLP's Pennsylvania office.  Mr. Schwartz has been involved extensively in the firm's antitrust, merger, and derivative practice areas.  Presently, Mr. Schwartz is a member of the teams prosecuting *Babyage.com, Inc., et al. v. Toys "R" Us, Inc.* and *In re Blood Reagents Antitrust Litig.*

Mr. Schwartz graduated from the University of Washington (B.A.) and the University of Chicago in 2004 (J.D.).  While in law school, Mr. Schwartz served as a law clerk at the MacArthur Justice Center in Chicago and as a summer associate with the Chicago law firm Robinson Curley & Clayton P.C.  Since law school, Mr. Schwartz has been a commercial litigator in New York and Pennsylvania.

Mr. Schwartz is a member of the bars of the State of New York (2005-present), Commonwealth of Pennsylvania (2010-present), the United States District Court for the Southern District of New York (2006-present), the United States District Court for the Eastern District of New York (2007-present), the United States District Court for the Northern District of New York (2008-present), the United States Court of



Appeals for the Second Circuit (2010-present) and the United States District Court for the Eastern District of Pennsylvania (2011-present).

## DAVID P. DEAN

David P. Dean is an associate in Faruqi & Faruqi, LLP's Pennsylvania office.  Mr. Dean concentrates his practice in complex commercial litigation, including shareholder derivative actions, merger and acquisition litigation, qui tam cases, and consumer class actions. Prior to joining Faruqi & Faruqi, LLP, Mr. Dean was a commercial litigator with Deeb Blum Murphy Frishberg & Markovich, PC. Mr. Dean began his career at the Miami-Dade County Public Defender's Office, where he conducted more than thirty jury and bench trials in felony and misdemeanor cases.

Mr. Dean earned his law degree from New York University School of Law (J.D., *magna cum laude*, 2006), and is a graduate of Wesleyan University (B.A., Government, High Honors, 1999).  While in law school he served as a notes editor for the NYU Law Review, and gained clinical and internship experience with the Federal Defenders of New York, the New York Office of the Appellate Defender, the Louisiana Capital Assistance Center, and the Kentucky Department of Public Advocacy's Capital Post-Conviction Unit.

Mr. Dean is licensed to practice law in Pennsylvania and Florida, and has been admitted to practice in the United States District Court for the Eastern District of Pennsylvania.

## FRANCIS P. McCONVILLE

Mr. McConville is an associate in Faruqi & Faruqi, LLP's New York office.  Mr. McConville concentrates his practice on complex civil litigation with a focus on securities and shareholder class action litigation.  Prior to joining the firm, Mr. McConville was an associate at Entwistle & Cappucci LLP.

Mr. McConville has represented institutional and individual investors in obtaining substantial recoveries in numerous class actions involving federal and state securities laws and fiduciary duties of corporate officials.  Mr. McConville also counseled corporate clients in federal and state court in a wide range of commercial disputes.

Mr. McConville graduated from the University of Notre Dame (B.A., History and Political Science, 2005) and New York Law School (J.D., *magna cum laude*, 2008).  While at New York Law School, Mr. McConville served as the Associate Managing Editor of the *New York Law School Law Review*.  Mr. McConville is licensed to practice law in the State of New York and admitted to the United States District Courts for the Eastern and Southern Districts of New York.

NEW YORK          CALIFORNIA          DELAWARE          PENNSYLVANIA



## LIGAYA HERNANDEZ

Ligaya Hernandez is an associate in Faruqi & Faruqi, LLP's Pennsylvania office.  Ms. Hernandez specializes in shareholder derivative litigation.  Prior to joining Faruqi & Faruqi, LLP, Ms. Hernandez was an associate with Kessler Topaz Meltzer & Check, LLP where she concentrated her practice on shareholder derivative litigation.

Ms. Hernandez received her J.D. and a Health Law Certificate from Loyola University Chicago in 2009.  While in law school she served as Senior Editor for the Annals of Health Law Journal and received the CALI Award for highest grade in Appellate Advocacy.  Ms. Hernandez received a Master in Health Services Administration in Health Policy from The George Washington University and a Bachelor of Science degree in Biology from the University of Pittsburgh.  She is licensed to practice law in Pennsylvania and New Jersey and is admitted to practice before the United States District Court for the Eastern District of Pennsylvania and the United States District Court for the District of New Jersey.

## CRAIG J. SPRINGER

Craig J. Springer is an associate in Faruqi & Faruqi, LLP's Delaware office.  Mr. Springer focuses his practice on shareholder merger and transaction litigation.

Mr. Springer graduated from the University of Delaware (B.A. Political Science, 2006) and Widener University School of Law (J.D., *cum laude*, 2009).  Mr. Springer was recipient of the Raymond J. Locke Professional Achievement Award and was the Managing Editor of Widener's law review, the Delaware Journal of Corporate Law.  As Managing Editor, Mr. Springer was published as a student where he authored *Weissman v. NASD*: *Piercing the Veil of Absolute Immunity of an SRO Under the Securities Exchange Act of 1934*, 33 Del. J. Corp. L. 451 (2009), and received the Donald E. Pease Award for his published works.

Craig began his legal career clerking for the Honorable Kevin Gross (now Chief Judge) in the United States Bankruptcy Court for the District of Delaware. Upon completion of his clerkship, Mr. Springer was an attorney at a New York law firm, practicing in the commercial litigation department representing large financial institutions and hedge funds.

Before joining the firm, Craig was an attorney at a corporate bankruptcy and commercial litigation boutique law firm in Wilmington, Delaware.

Mr. Springer is admitted to practice law in Delaware, New York and New Jersey.

## BARBARA A. ROHR

Barbara A. Rohr is an associate in Faruqi & Faruqi, LLP's California office.



Prior to joining Faruqi & Faruqi, Ms. Rohr practiced civil and employment litigation at Walsh & Associates, APC, and for the City of Los Angeles.  Ms. Rohr also gained valuable work experience as a human resources professional in the entertainment industry for six years before attending law school.

Ms. Rohr graduated from Southwestern Law School (J.D., 2010) and Arizona State University (B.A., Psychology and Broadcast Journalism, 1996).  In 2010, Ms. Rohr was recognized for earning the highest grade in Sales at Southwestern Law School and received the Los Angeles County Bar Association's Jeffrey S. Turner Outstanding Commercial Law Student award.

Ms. Rohr is licensed to practice law in California and is admitted to practice before the United States District Courts for the Central, Northern, Southern, and Eastern Districts of California.

## A. LUKE SMITH

A. Luke Smith is an associate in Faruqi & Faruqi, LLP's Pennsylvania office.  He focuses his practice on antitrust actions, primarily on behalf of drug purchasers complaining of suppressed generic competition.

Mr. Smith earned his J.D. in May of 2010 from Pennsylvania State University Dickinson School of Law.  As a law student, Mr. Smith was certified as a Miller Center Public Interest Advocate in recognition of his service to the indigent community and also competed in the American Constitution Society Constance Baker Motley National Moot Court Competition.  He earned a degree in Business Management from Cheyney University of Pennsylvania in May 2007 (*summa cum laude*).

During law school, Mr. Smith was a student attorney at the Penn State Dickinson School of Law Family Law Clinic, and a judicial intern for the Honorable Joseph A. Greenaway, then of the United States District Court for the District of New Jersey.  He also interned at the New Jersey Office of the Public Defender, and at the Pennsylvania Attorney General, Bureau of Consumer Protection.

Mr. Smith is licensed to practice in Pennsylvania and New Jersey and admitted to the United States District Courts for the Eastern District of Pennsylvania and the District of New Jersey.

## STEVEN BENTSIANOV

Steven Bentsianov is an associate in the New York office of Faruqi & Faruqi LLP and concentrates his practice in the area of securities class action litigation.

Mr. Bentsianov graduated from the State University of New York at Binghamton (B.A. in English, 2005) and from Brooklyn Law School (J.D., *magna cum laude*, 2011).  While at Brooklyn Law School, Mr. Bentsianov was the Managing Editor of the Brooklyn Journal of Corporate, Financial and Commercial Law and was a Dean Merit Scholar.  He also received the CALI Excellence Award in Legal Writing I and II, Banking Law and Corporate Finance.



Mr. Bentsianov gained further experience in law school through internships for U.S District Judge Brian Cogan in the U.S. District Court for the Eastern District of New York, the Federal Trade Commission, the Financial Industry Regulatory Authority, and as a summer associate for a securities class action firm.

Mr. Bentsianov is licensed to practice law in New York and New Jersey.

## ANDREA CLISURA

Andrea Clisura is an associate in the New York office of Faruqi & Faruqi, LLP and focuses her practice on consumer class action litigation.

Ms. Clisura graduated from New York University (B.A., *magna cum laude*, 2005) and Brooklyn Law School (J.D., *magna cum laude*, 2011). While at Brooklyn Law School, Ms. Clisura was an Associate Managing Editor of the Brooklyn Law School Journal of Law and Policy, and was a member of the Moot Court Honor Society. Her note, "None of Their Business: The Need for Another Alternative to New York's Bail Bond Business," was published in Volume 19, Issue 1 of the Journal of Law and Policy. She also co-authored the hypothetical problem and bench brief for the 2011 Jerome Prince Memorial Evidence Moot Court Competition.

Ms. Clisura also gained experience in law school as an intern: to the Honorable David G. Trager of the Eastern District of New York, for the U.S. Department of Justice (Antitrust Division), and for a New York City-based legal services organization dealing with anti-predatory lending and foreclosure prevention.

Ms. Clisura is licensed to practice law in New York and New Jersey and is admitted to practice before the United States District Courts for the Southern District of New York, the Eastern District of New York and the District of New Jersey.

## COURTNEY E. MACCARONE

Courtney E. Maccarone is an associate in the New York office of Faruqi & Faruqi, LLP and focuses her practice on consumer class action litigation.

Ms. Maccarone graduated from New York University (B.A., *magna cum laude*, 2008) and Brooklyn Law School (J.D., *magna cum laude*, 2011). While at Brooklyn Law School, Ms. Maccarone was the Executive Symposium Editor of the Brooklyn Journal of International Law, and was a member of the Moot Court Honor Society. Her note, "Crossing Borders: A TRIPS-Like Treaty on Quarantines and Human Rights" was published in the Spring 2011 edition of the Brooklyn Journal of International Law. Ms. Maccarone also gained experience in law school as an intern to the Honorable Martin Glenn of the Southern District of New York Bankruptcy Court, a research assistant for Brooklyn Law School Professor



of Law Emeritus Norman Poser, a widely respected expert in international and domestic securities regulation, and as a law clerk for a New York City-based class action firm.

Ms. Maccarone is licensed to practice law in New York and New Jersey and is admitted to practice before the United States District Courts for the Eastern and Southern Districts of New York and the District of New Jersey.

## SARAH A. WESTBY

Sarah A. Westby is an associate in the New York office of Faruqi & Faruqi, LLP and concentrates her practice in the area of antitrust class action litigation.  Ms. Westby graduated Phi Beta Kappa from the University of Delaware (B.A. in Psychology, *magna cum laude*, 2008)) and Brooklyn Law School (J.D., *cum laude*, 2011).

While at Brooklyn Law School, Ms. Westby was an Executive Editor of the Brooklyn Journal of International Law.  Her note on comparative consumer class action law was selected as the winning submission in the 2010 Trandafir International Business Writing Competition and was published in the University of Iowa Journal of Transnational Law & Contemporary Problems.  She also received awards in Trial Advocacy and International Economic Law. Ms. Westby gained experience during law school through internships for U.S. Magistrate Judge Ramon E. Reyes, Jr. in the U.S. District Court for the Eastern District of New York, the U.S. Department of Justice, Civil Rights Division, the New York City Law Department and as a law clerk for an antitrust and consumer class action firm.

Ms. Westby is licensed to practice law in New York and is admitted to practice before the United States District Courts for the Eastern and Southern District of New York.

## MEGAN SULLIVAN

Megan Sullivan is an associate in the New York office of Faruqi & Faruqi, LLP and concentrates her practice in the area of securities class action litigation.

Prior to joining the firm, Ms. Sullivan was a litigation associate at Crosby & Higgins LLP where she represented institutional and individual investors in securities arbitrations before FINRA and counseled corporate clients in commercial disputes in federal court.  Additionally, Ms. Sullivan gained further litigation experience in law school through internships at the Kings County District Attorney's Office and the Adjudication Division of the New York City Department of Consumer Affairs.

Ms. Sullivan graduated from the University of California, Los Angeles (B.A., History, 2008) and from Brooklyn Law School (J.D., *cum laude*, 2011).  While at Brooklyn Law School, Ms. Sullivan served as Associate Managing Editor of the Brooklyn Journal of Corporate, Financial and Commercial Law.

Ms. Sullivan is licensed to practice law in the State of New York.



## GABRIEL V. CELII

Gabriel V. Celii is an associate in Faruqi & Faruqi, LLP's Pennsylvania office. He focuses his practice on antitrust litigation.

Mr. Celii graduated magna cum laude from the University of Pittsburgh (B.A. in Political Science, B.A. in Philosophy, 2008) and earned his J.D. from Villanova University School of Law (2011). During law school, Mr. Celii volunteered legal services through Philadelphia VIP, a program dedicated to assisting the indigent. He also was a judicial intern for the Honorable Linda Carpenter, of the Court of Common Pleas—Trial Division for the First Judicial District of Pennsylvania.

Before joining the firm, Mr. Celii gained litigation and appellate experience while practicing at a boutique Philadelphia firm, primarily handling Employment and Labor Law matters.

Mr. Celii is admitted to the Pennsylvania State Bar.

## JAVIER O. HIDALGO

Javier O. Hidalgo is an associate in the New York office of Faruqi & Faruqi, LLP and focuses his practice on consumer class action litigation.

Mr. Hidalgo graduated from Swarthmore College (B.A., Sociology & Anthropology, 2004) and New York Law School (J.D., 2012).  Mr. Hidalgo gained experience in law school working as a paralegal at Faruqi & Faruqi, LLP starting in spring of 2009.

Mr. Hidalgo is licensed to practice law in New York and is admitted to practice before the United States District Courts for the Eastern and Southern Districts of New York

## DAVID M. SBORZ

David M. Sborz is an associate in the New York office of Faruqi & Faruqi, LLP, concentrating in shareholder merger and transactional litigation.

Prior to joining the firm, Mr. Sborz gained experience working for Bank of America/Merrill Lynch ("BOA/ML") in the Private Equity/Derivatives Unit analyzing proposed and finalized Dodd-Frank Regulations and assisting operations teams with meeting compliance requirements.

Additionally, Mr. Sborz served as legal associate with the U.S. Commodity Futures Trading Commission ("CFTC"), Division of Enforcement, where he conducted investigations into futures, options, commodities, speculation limits, Ponzi schemes, and market manipulation.  Mr. Sborz also assisted in the preparation of court pleadings and documents filed in the United States District Courts across jurisdictions and administrative forums.



Mr. Sborz graduated from Wilkes University (B.A. in Criminology/Political Science, *magna cum laude*, 2009) and from New York Law School (J.D., *magna cum laude*, 2012, Law Review and Moot Court Association).

Mr. Sborz is licensed to practice law in New York and New Jersey and is admitted to practice before the United States District Court for the District of New Jersey.

## TIFFANY Y.L. TANG

Tiffany Y.L. Tang is an associate in the New York office of Faruqi & Faruqi, LLP and focuses her practice on class action securities fraud litigation.

Ms. Tang graduated from Columbia College (B.A. in Economics-Political Science, 2009) and from Cornell Law School (J.D., 2012), where she served as a general associate for the Journal of Law and Public Policy.  Prior to joining the firm, Ms. Tang gained experience by interning at the Federal Trade Commission, the New York Attorney General's Office Labor Bureau, the Ithaca City Attorney's Office, and the Avon Global Center for Women and Justice.

Ms. Tang has applied for admission to the New York Bar.

## TODD HENDERSON

Todd H. Henderson is an associate in the New York office of Faruqi & Faruqi, LLP and concentrates his practice in the area of shareholder derivative litigation.

Mr. Henderson graduated from Cornell University (B.A. in American Studies, College of Arts and Sciences, 2007) and from Brooklyn Law School (J.D., Certificate in Business Law, 2012).  While at Brooklyn Law School, Mr. Henderson was an Associate Managing Editor of the Brooklyn Journal of International Law. His note, "The English Premier League's Home Grown Player Rule Under the Law of the European Union" was published in the Fall 2011 edition of the Brooklyn Journal of International Law.

Prior to joining the firm, Mr. Henderson gained experience as a paralegal for the Internal Revenue Service, Office of Chief Counsel, and through internships for a securities and consumer class action firm, the New York State Division of Human Rights, United States Postal Service Law Department, the Brooklyn Consumer Counseling and Bankruptcy Clinic, and the New York City Human Resources Administration, Office of Legal Affairs.

Mr. Henderson is licensed to practice law in New York and is admitted to practice before the United States District Courts for the Eastern and Southern Districts of New York.



## MILES D. SCHREINER

Miles Schreiner is an associate in the New York office of Faruqi & Faruqi, LLP and focuses his practice on consumer class action litigation.

Mr. Schreiner graduated from Tulane University (B.A. in Political Science, *cum laude*, 2007) and Brooklyn Law School (J.D., *cum laude*, 2012). While at Brooklyn Law School, Mr. Schreiner was a Dean's Merit Scholar and served as the Production Editor of the Brooklyn Law Review. His note, "A Deadly Combination: The Legal Response to America's Prescription Drug Epidemic," was selected as the winning submission in the 2012 American College of Legal Medicine Student Writing Competition and was published in Volume 33, Issue 4 of the Journal of Legal Medicine.

Prior to joining the firm, Mr. Schreiner gained experience in complex litigation as an associate at a New York City firm that represents plaintiffs in civil RICO actions. While in law school, Mr. Schreiner developed practical skills through internships with the Kings County Supreme Court Law Department, the Office of General Counsel at a major New York hospital, and a boutique law firm that specializes in international fraud cases.

Mr. Schreiner is licensed to practice law in New York and New Jersey.

## ELIZABETH A. SILVA

Elizabeth A. Silva is an associate in the New York office of Faruqi & Faruqi, LLP and concentrates her practice in the area of antitrust class action litigation.

Prior to joining the firm, Ms. Silva was a litigation associate at Crosby & Higgins LLP where she represented institutional and individual investors in securities arbitrations before FINRA and counseled corporate clients in a variety of intellectual property and complex commercial disputes in federal court. Additionally, Ms. Silva gained further litigation experience in law school through internships at the Kings County District Attorney's Office and as a law clerk at a criminal defense firm.

Ms. Silva graduated in *corsu honorum* from Fordham University (B.A. in Comparative Literature and Italian Studies, *cum laude*, 2009) and New York Law School (J.D., *magna cum laude*, 2012). While at New York Law School, Ms. Silva served as a Notes and Comments Editor of the New York Law School Law Review and was an associate in the Institute for Information Law and Policy. Ms. Silva is licensed to practice law in the State of New York.

NEW YORK          CALIFORNIA          DELAWARE          PENNSYLVANIA